LIM ENTERPRISES, previously d/b/a The Butcher Block Grill, Plaintiff,

v.

SEARS, ROEBUCK & CO., Defendant.

Civil Action No. 95–1425.

United States District Court, D. Kansas.

Jan. 19, 1996.

Jordan E. Clay, Fleeson, Gooing, Coulson & Kitch, L.L.C., Wichita, KS, for plaintiff.

Kenneth M. Clark, Young, Bogle, McCausland, Wells & Clark, Wichita, KS, for defendant.

### MEMORANDUM AND ORDER

THEIS, District Judge.

Plaintiff operated a restaurant called the Butcher Block Grill in Wichita, Kansas. On November 25, 1991, defendant sold plaintiff a laundry center (clothes washer/dryer unit). On December 13, 1991, a fire caused substantial damage to the plaintiff's restaurant. The fire allegedly was the result of a defect in the laundry center.

On August 25, 1995, plaintiff brought the instant action alleging breach of implied warranty of merchantability and breach of express warranty. Plaintiff seeks damages for its economic loss due to the disruption of plaintiff's business following the fire.

The matter is before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (Doc. 6). Defendant argues that although plaintiff seeks economic loss damages under a breach of warranty theory, its cause of action is really one sounding in tort, and that, therefore, the two year statute of limitations for tort actions, found at K.S.A. § 60–513, applies in this case. There is no dispute that the plaintiff's claim is timely under the four year statute of limitations under the Uniform Commercial Code, K.S.A. § 84–2–725, and that the action is untimely under the two year statute of limitations for tort claims.

■ "[D]etermining the proper statute of limitations for plaintiff['s] breach of warranty claims turns on whether [plaintiff has] alleged physical damage to property from a dangerous product or simple economic loss from a defective one." *Winchester v. Lester's of Minnesota, Inc.,* 983 F.2d 992, 995 (10th Cir.1993) (applying Kansas law). Under Kansas law, a tort action cannot be sustained if the plaintiff has suffered only economic loss from a defective product. *Id.* at 999. *See also Daitom, Inc. v. Pennwalt Corp.,* 741 F.2d 1569, 1581 (10th Cir.1984); *City of Wichita v. U.S. Gypsum Co.,* 828 F.Supp. 851, 854 (D.Kan.1993), *aff'd in part, rev'd in part on other grounds,* 72 F.3d 1491 (10th Cir.1996); *Elite Professionals, Inc. v. Carrier Corp.,* 16 Kan.App.2d 625, 827 P.2d 1195 (1992). However, the courts have allowed plaintiffs to pursue a breach of warranty claim where the damages alleged qualified as economic loss. *Winchester,* 983 F.2d at 999. There is no case decided under Kansas law restricting the contract cause of action to situations of non-dangerous defects, and no court has held that the causes of action are mutually exclusive.

■ In this case, the plaintiff alleges damages in the amount of its economic loss rather than the amount of property damage sustained. The court rejects the defendant's argument that it can be liable for breach of warranty if the product it sells fails to operate properly, but not if the product fails in such a way that it causes property damage in addition to the claimed economic loss. Where the facts alleged would support a claim under either tort or contract law, the plaintiff is entitled to pursue the theory of its choice. Here, the plaintiff properly set forth a claim for breach of warranty and brought the claim within the applicable statute of limitations. Accordingly, the court denies the defendant's motion to dismiss.

**IT IS BY THIS COURT THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 6) is hereby denied.